## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 20 2020, 10:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean C. Mullins
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Erika Elizabeth Johnson, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | April 20, 2020 <br><br> Court of Appeals Case No. 19A-CR-2885 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Diane R. Boswell, Judge <br><br> Trial Court Cause No. 45G03-1605-F4-25 |

**Altice, Judge.**

**Case Summary**

[1] Erika Elizabeth Johnson pled guilty, pursuant to a plea agreement, to one count of Level 4 felony burglary in Lake County. The trial court sentenced her to eight years in the Indiana Department of Correction (the DOC) with the last four of those years to be served in community corrections. Additionally, the court ordered the sentence to run consecutively to the sentences imposed in two separate burglary cases out of Porter County. On appeal, Johnson argues that the trial court abused its discretion by running the sentence consecutively to the other sentences without finding any aggravating circumstances.

[2] We affirm.

## Facts & Procedural History

[3] Between December 5, 2015 and May 10, 2016, Johnson, along with others, committed a string of burglaries in Porter County and Lake County. Charges evolved as two codefendants cooperated and provided information to investigators.

[4] The first charges against Johnson – one count of burglary and four drug-related counts – were filed in Porter County under cause number 64D05-1605-F4-4486 (Porter F4-4486) on May 13, 2016. Four days later, under cause number 45G03-1605-F4-22 (Lake F4-22), five counts of burglary were filed against Johnson in Lake County. Charges in the instant case – five counts of burglary – were then filed in Lake County on May 18, 2016. Finally, on August 26, 2016, cause number 64D05-1608-F4-7895 (Porter F4-7895) was filed in Porter County, alleging two counts of burglary.

[5] In April 2017, Johnson pled guilty to one count of burglary in each of the Porter County cases and received consecutive six-year sentences for an aggregate sentence of twelve years in the DOC. The remaining five counts between the two cases were dismissed pursuant to the plea agreement.

[6] Thereafter, on June 7, 2017, the pending criminal warrants out of Lake County were served on Johnson. Johnson entered into a plea agreement with the State on July 30, 2019, pursuant to which she agreed to plead guilty to one count of burglary in this case. In exchange, the State agreed to the dismissal of the other four counts of burglary in this case, as well as all five counts of burglary in Lake F4-22. Additionally, the agreement provided for a sentence of eight years in the DOC, which is two years above the advisory sentence for a Level 4 felony.[1] Finally, the agreement expressly indicated that the parties were free to argue whether this sentence should be served consecutively to or concurrently with the sentences in Porter F4-4486 and Porter F4-7895. The trial court accepted the plea and scheduled a sentencing hearing.

[7] After multiple delays, the sentencing hearing was held on November 7, 2019. The parties made clear to the trial court that the issue before it was whether the eight-year sentence should be ordered to be served consecutively to the Porter County sentences. The State acknowledged that consecutive sentences were not statutorily required but argued that they were appropriate due to the

---

[1] "A person who commits a Level 4 felony shall be imprisoned for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years." Ind. Code § 35-50-2-5.5.

multiple victims involved and the months and locations over which the burglaries spanned. The "focus[]" of Johnson's argument to the trial court was that the continuing crime doctrine should apply for imposition of concurrent sentences. *Transcript* at 14. Johnson also asserted in her sentencing memorandum filed with the trial court that she "lacks substantial criminal history, desires to accept responsibility for her actions, has admitted remorse and respects [sic] for the Court by demonstrating a willingness to save the time and expense of trial." *Appellant's Appendix* at 77. Despite her good start in life and family support, Johnson indicated that drug addiction to methamphetamine and heroin turned her into someone that she is not.

[8] During the sentencing hearing, the trial court observed that Johnson's criminal history was different than one of her codefendants, who received concurrent sentences. The court agreed when the State characterized her history as "extensive." *Transcript* at 11. The court further stated:

> As I read your PSI, my question was, what happened. [Defense counsel] has explained that today. Because the first part of your PSI shows a bright young lady with a bright future, and then all of a sudden, things just went haywire.
>
> And when they went haywire, they really went haywire. You hurt a lot of people.
>
> I think you heard it in that [victim] letter. I think you felt it in that letter. I heard it, I felt it.

I don't know if you've ever been a victim of someone breaking into your home…. That's a place where you feel you can be safe, in your own home, and to come home and find that someone has violated that sanctity and done it in such a horrible way.

I mean, not just go in and take things; you go in and throw stuff around and, you know, just ram shackle [sic] the whole place, it's just absolutely unnecessary, absolutely unnecessary, and it does affect people for a lifetime.

These families will never feel safe again….

This is horrific; this is just horrific. Your activity started at – well, there's a little something at 17 and then at 18, you kind of got on a long streak, and this last streak here. You have wasted so much potential. You have such potential.

And I know. I understand drugs. I understand how people get involved in drugs, but that's not an excuse. That's not an excuse.

*Id*. at 19-20.

[9] After making these statements, the trial court held a bench conference with counsel and indicated that the court was "not opposed to the eight-year sentence" but thought that a period of probation was needed. *Id*. at 20. The State responded: "That was one of the plea offers the State suggested was an agreed term, consecutive, followed by probation. That was a choice by [defense counsel] and [Johnson] to prefer to argue for a concurrent sentence in full." *Id*. at 20-21. The parties and the court proceeded to have a lengthy discussion regarding the potential sentencing options, all including some degree of

consecutive sentencing.  For example, the State suggested that the sentence could be served consecutively to only one of the Porter County sentences, resulting in lengthening her total sentence by only two years.  When the State noted that probation was not an option under the plea agreement, the following discussion took place:

> [State]:      Maybe transition court, if your Honor would choose to order it.  It's not precluded by the plea that do [sic] Therapeutic Community for those final couple years, a way for her to reintegrate and get some treatment.
>
> [Defense Counsel]:      And that could be ordered?
>
> [State]:      I believe - - I don't believe the plea precludes that in any way.  It simply says [the DOC], and those are [DOC] functions.
>
> [Court]:      Uh-huh.
>
> [Defense Counsel]:      So it could be six years concurrent and then two years consecutive CTC.
>
> [State]:      I think the Court could order that and it would not be counter to the plea in any way.
>
> [Court]:      Uh-huh.
>
> [Defense Counsel]:      No matter what, whatever she has when she gets out, I think that would be valuable to her.  And in my talking with her, she has no problem with that.  She thinks it would be helpful.  I didn't like what Porter County did.  It's just - - 12 years, so - -

[Court]: Okay. All right. I'm going to do - - okay. I'm going to do four and four. Four consecutive and four Community Corrections.

[State]: Okay.

[Defense Counsel]: Four concurrent, or four - -

[Court]: No, four consecutive and then when she finishes all her time, she goes four more years to Community Corrections….

[Defense Counsel]: So that puts her at 16 years, I guess?

****

[State]: Twelve plus eight is 20, with four to be served at Community Corrections.

[Defense Counsel]: Yeah.

[Court]: Okay.

*Id*. at 24-26.

[10] Once the bench conference ended, the court orally pronounced the sentence in accordance with this discussion. In so doing, the court also noted that it found acceptable the eight-year sentence provided by the plea agreement given Johnson's criminal history and the lack of mitigating circumstances.

[11] The subsequently entered written sentencing order incorrectly indicated that the consecutive nature of the sentence was "[p]ursuant to the plea agreement[.]" *Appellant's Appendix* at 73. The written order also provided: "That since this is an agreed sentence, the Court does not set forth any aggravating or mitigating circumstances." *Id*. at 72.

[12] Johnson now appeals, relying on the written order and arguing that the trial court abused its discretion because it did not expressly find any aggravating circumstances. Additional information will be provided below as needed.

## Discussion & Decision

[13] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs when the decision is clearly against the logic and effect of the evidence before the court or the reasonable inferences to be drawn therefrom. *Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012). The trial court can abuse its discretion by, among other things, issuing an inadequate sentencing statement. *Id*.

[14] The decision to impose consecutive sentences generally lies within the discretion of the trial court. Ind. Code § 35-50-1-2(c); *McBride v. State*, 992 N.E.2d 912, 919 (Ind. Ct. App. 2013), *trans. denied*. In ordering consecutive sentences, however, the trial court must state its reasoning for imposing consecutive sentences and find at least one aggravating circumstance. *McBride*

992 N.E.2d at 919; *see also Marcum v. State*, 725 N.E.2d 852, 864 (Ind. 2000) ("In order to impose consecutive sentences, the trial court must find at least one aggravating circumstance. The same aggravating circumstance may be used to both enhance a sentence and justify consecutive terms.") (internal citation omitted). Further, it is "a well-established principle that the existence of multiple crimes or victims constitutes a valid aggravating circumstance that a trial court may consider in imposing consecutive sentences." *McBride* 992 N.E.2d at 919-20 (citing *O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001)).

[15] Johnson argues that the trial court failed to support its order for consecutive sentences with "an explicit finding of at least one aggravating factor." *Appellant's Brief* at 8. She notes that the written sentencing order indicates that "since this is an agreed sentence, the Court does not set forth any aggravating or mitigating circumstances." *Appellant's Appendix* at 72. Regarding the trial court's oral statements at sentencing, she asserts that "they lack an explicit mention of an aggravating factor so as to contradict the otherwise unambiguous written statement."[2] *Appellant's Reply Brief* at 4. We cannot agree with Johnson.

---

[2] Johnson also appears to suggest that the trial court found the aggravating and mitigating circumstances in equipoise and, thus, imposition of consecutive sentence was necessarily improper. The trial court, however, never made such a finding in its written order and, in fact, made a contrary finding at the sentencing hearing. *Cf. Wentz v. State*, 766 N.E.2d 351, 359 (Ind. 2002) ("the imposition of consecutive sentences here, where the trial court twice stated the mitigating and aggravating factors were in balance, was inappropriate"); *Marcum*, 725 N.E.2d at 864 ("because the trial court found the aggravating and mitigating circumstances to be in balance, there is no basis on which to impose consecutive terms").

[16] The oral and written sentencing statements in this case clearly conflict. Under this circumstance, we "examine both the written and oral sentencing statements to discern the findings of the trial court." *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007) (citing *Corbett v. State*, 764 N.E.2d 622, 631 (Ind. 2002) ("In reviewing a sentencing decision in a non-capital case, we are not limited to the written sentencing statement but may consider the trial court's comments in the transcript of the sentencing proceedings."); *Strong v. State*, 538 N.E.2d 924, 929 (Ind. 1989) ("In addition to the discussion set forth in the separate sentencing order, this Court has reviewed the trial court's thoughtful comments at the conclusion of the sentencing hearing.")). One type of statement is not presumed to be of superior accuracy to the other. *See McElroy*, 865 N.E.2d at 589. Rather, we have "the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing." *Id*.

[17] The oral sentencing statement here reflects thoughtful comments and consideration by the trial court of the sole issue presented at the hearing – whether the sentence should be served consecutively or concurrently to the Porter County sentences. The trial court, on two separate occasions during the hearing, directly referenced Johnson's extensive criminal history. In fact, the court indicated that the aggravated eight-year sentence was proper in light of her criminal history. The trial court also detailed the nature and circumstances of her offenses, observing that she "hurt a lot of people" and "did it in such a horrible way." *Transcript* at 19. The court noted that Johnson did not just go in and take things. Rather, she unnecessarily threw stuff around and ransacked

the homes, "affect[ing] people for a lifetime" and causing the families to "never feel safe again." *Id*. at 19, 20.

[18] These oral statements made by the trial court reflect sufficient findings of aggravating circumstances that support the imposition of consecutive sentences. Moreover, the written order directly conflicts with the realities of the situation. It provides that the consecutive nature of the sentence was "[p]ursuant to the plea agreement," which is clearly erroneous. *Appellant's Appendix* at 73. Based on the unambiguous nature of the trial court's oral sentencing statement, we find no abuse of discretion in ordering that the sentence imposed in this case be served consecutively to the Porter County cases.

[19] Judgment affirmed.


Bailey, J. and Crone, J., concur.